1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JULIAN L. LOZANO,                    )        1:05-CV-1245 REC DLB P
                                          )
12              Plaintiff,                )
                                          )
13              vs.                       )        FINDINGS AND RECOMMENDATION
                                          )        TO DISMISS CASE FOR FAILURE TO
14   R. AVALOS, et al.,                   )        OBEY A COURT ORDER
                                          )
15                                        )
                                          )
16              Defendants.               )
                                          )
17   _____ )

18              On November 3, 2005, the court issued an order for plaintiff to submit a new

19   application to proceed in forma pauperis, or pay the $250 filing fee.  The thirty (30) day period

20   has now expired, and plaintiff has not filed an application  or otherwise responded to the court's

21   order.

22              Local Rule 11-110 provides that "failure of counsel or of a party to comply with

23   these Local Rules or with any order of the Court may be grounds for the imposition by the Court

24   of any and all sanctions . . . within the inherent power of the Court."  District courts have the

25   inherent power to control their dockets and "in the exercise of that power, they may impose

26

1

1    sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth.,

2    782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a

3    party's failure to prosecute an action, failure to obey a court order, or failure to comply with local

4    rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance

5    with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

6    to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,

7    1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs

8    to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

9    1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

10   1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

11   rules).

12          In determining whether to dismiss an action for lack of prosecution, failure to

13   obey a court order, or failure to comply with local rules, the court must consider several factors:

14   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

15   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

16   cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at

17   831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

18   Ghazali, 46 F.3d at 53.

19          In the instant case, the court finds that the public's interest in expeditiously

20   resolving this litigation and the court's interest in managing the docket weigh in favor of

21   dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

22   since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

23   action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

24   policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

25   of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

26

2

1   court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

2   Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

3   court's order requiring plaintiff to submit an application or pay the filing fee expressly stated:

4   "Failure to comply with this order will result in a recommendation that this action be dismissed."

5   Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with

6   the court's order.

7          Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

8   based on plaintiff's failure to obey the court's order of November 3, 2005.

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

11  thirty days after being served with these findings and recommendations, plaintiff may file written

12  objections with the court.  Such a document should be captioned "Objections to Magistrate

13  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

14  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

15  Ylst, 951 F.2d 1153 (9th Cir. 1991).

16     IT IS SO ORDERED.

17     **Dated:    January 20, 2006**                        **/s/ Dennis L. Beck**
    3c0hj8                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26